Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9644 | **DATE** | 12/12/2012 |
| **CASE TITLE** | United States ex rel. Daniel Makiel (#B-13674) vs. Warden Atchison | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. The petitioner's motion for leave to file a memorandum of law in support of his claims [#7] is granted. The petitioner's motion for appointment of counsel [#4] is denied as premature.

O [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Daniel Makiel, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for armed robbery and first degree murder on the grounds that: (1) he was denied the opportunity to present a defense; (2) the prosecutor engaged in misconduct; and (3) both trial and appellate counsel provided ineffective representation.

The petitioner having shown that he is indigent, his motion to proceed *in forma pauperis* is granted.

The petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition; furthermore, he appears to have filed this action in a timely manner. (The petitioner indicates that an original conviction in 1991 was remanded, and that appeals and collateral attacks were pursued a second time after re-sentencing). Accordingly, the respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

      The petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.